## SORENSON et al. v. BELL.

No. 3147. Decided December 20, 1917. (170 Pac. 72.)

1. MUNICIPAL CORPORATIONS—INJURIES ON STREETS—INSTRUCTIONS. In an action for the death of a person struck by an automobile, the court charged that, if the jury believed from the evidence that deceased, after he knew defendant's automobile was approaching, could and should, in the exercise of ordinary care, have stopped and permitted it to pass in safety, but chose to go on and run the risk of collision, then plaintiffs must abide the risk he took, and the verdict would be for defendant. *Held*, that this was open to the construction that it denied a recovery if deceased might have avoided the accident by stopping and allowing the car to go by, though he was not negligent in failing to stop and permit it to have the right of way. (Page 263.)

2. MUNICIPAL CORPORATIONS—INJURIES ON STREETS—INSTRUCTIONS. In an action for the death of a person struck by an automobile, the court charged that, unless the jury found from a preponderance of the evidence that the alleged negligence of defendant actually existed and was the sole proximate cause of the injury to deceased, and that deceased was free from any negligence proximately contributing to the injury, then plaintiff was not entitled to recover, and the verdict should be for defendant. *Held*, that this instruction was erroneous, as the only fair, natural, obvious, and ordinary meaning of the language of the instruction was that the jury were required to find from a preponderance of the evidence that deceased was free from negligence before they could find for plaintiffs. (Page 264.)

3. TRIAL—INSTRUCTIONS—CURE OF ERRORS BY OTHER INSTRUCTIONS. The error in such instruction was not cured by other instructions, correctly stating the rule respecting the burden of proof, where the evidence was conflicting, and such that more than one conclusion was permissible, and the record left it in doubt whether the jury followed the proper instruction or the improper one. (Page 264.)

Appeal from District Court of Salt Lake County, Third District; *Hon. W. H. Bramel*, Judge.

Action by Marie Sorenson and others against John W. Bell.

From a judgment for defendant. Plaintiffs appeal.

REVERSED and remanded.

*Weber, Olsen & Lewis* for appellants.

*W. E. Rydlach* and *Geo. G. Armstrong* for respondent.

FRICK, C. J.

Marie Sorenson, as the surviving widow, and the other plaintiffs as the surviving children of one Hans Sorenson, deceased, brought this action against the defendant to recover damages caused by the death of said Hans Sorenson. It is alleged in substance in the complaint that the defendant, on the 23d day of July, 1916, negligently and carelessly, and in violation of an ordinance of Salt Lake City, drove his automobile against and over the body of said Sorenson, thereby inflicting injuries upon him from which he subsequently, on the 31st day of July, 1916, died. Plaintiffs allege damages and pray for judgment. Defendant in his answer denies the alleged acts of negligence, and sets up the defenses of assumed risk and contributory negligence on the part of the deceased. A trial to a jury resulted in a verdict in favor of the defendant, on which judgment was duly entered, and the plaintiffs appeal. ·

In view of the errors that are assigned and insisted upon, it is only necessary to state that the evidence presented to the jury tended to show negligence on the part of the defendant, and that such negligence was the proximate cause of Sorenson's death. There was also evidence supporting a contrary conclusion. There was also evidence tending to prove that the deceased was guilty of negligence which was the proximate cause of, or which proximately contributed to, his death. The state of the evidence was therefore such that required the submission of the case to the jury in order to find the facts. The district court did submit the case to the jury, and in doing so, appellants contend, erred in its charge to the jury. One of the instructions that is complained of here, and which was excepted to in the district court by appellants, reads as follows:

"You are instructed that if you believe from the evidence

that the deceased, after he knew the automobile of defendant was approaching, could and should, in the exercise of ordinary care, have stopped and permitted the automobile to pass in safety, but chose to go on and run the risk of collision, then the plaintiffs must abide the risk he took, and your verdict will be for the defendant.''

Counsel contend, stating the contention in their own language, that:

''The instruction is erroneous, and places a greater burden upon the deceased than the law imposes on him. All that the deceased was compelled to do was to exercise ordinary care to avoid injury to himself, and if, in the exercise of ordinary care, there were open to him several courses of action, he was entitled to follow any one of those courses. The instruction lays down the rule that if he might have avoided the accident by a particular act of ordinary care, plaintiffs were not entitled to recover, although the deceased might have exercised ordinary care in the course which he followed. The instruction does not require that the deceased should have been guilty of contributory negligence in order to defeat plaintiffs' right to recover, but in effect tells the jury that, even though the deceased was himself free from contributory negligence, yet if he might have avoided the accident by stopping and allowing the car to go by, plaintiffs could not recover, although the deceased may not have been guilty of any negligence whatever by failing to stop and so permitting the automobile to have the right of way. The law is not that the plaintiffs cannot recover if the deceased might have avoided the accident by the exercise of some particular act, but the law requires that in order to defeat the action on the ground of contributory negligence, the deceased must be guilty of some negligent act that contributed to his death.''

It must be conceded that the language in the foregoing instruction is susceptible of the meaning placed upon it by counsel. If the foregoing were the only error complained of, however, we should not, in view of the whole charge, in which the court more clearly and correctly stated the    **2, 3** rights and duties of the deceased, feel inclined to re-

verse the judgment.   There is, however, a further assignment
relating to the court's instructions which is more serious.   The
court also instructed the jury as follows:

"Unless you find from a preponderance of the evidence that
the alleged negligence of the defendant actually existed and
was the sole proximate cause of the injury to the deceased,
and that the deceased, Hans Sorenson, was free from any
negligence or want of reasonable care proximately contribut-
ing to the injury, the plaintiff is not entitled to recover, and
your verdict should be for the defendant."

That instruction was also excepted to.   It will be observed
that in the foregoing instruction the court charged the jury
that in order to find for the plaintiff the jury must find from
a preponderance of the evidence that the defendant was negli-
gent as alleged in the complaint, and that such negligence was
the proximate cause of injury complained of.   If the court
had stopped there the instruction would have stated the law
correctly.   The court, however, also added to the foregoing,
"And that the deceased, Hans Sorenson, was free from any
negligence or want of reasonable care proximately contribut-
ing to the injury."   As an abstract proposition of law the
statement just quoted may also be conceded to be correct.
The court, however, in view of all the language contained in
the instruction, and in view of the manner of statement, in
effect charged the jury that, "unless it appear from a pre-
ponderance of the evidence   *   *   *   that the deceased was
free from any negligence or want of reasonable care," the
plaintiffs could not recover.   While it is true that respond-
ent's counsel insist that the court merely intended that the
jury must find defendant's negligence, and that such negli-
gence was the proximate cause of the injury "from a pre-
ponderence of the evidence," yet the only fair, natural,
obvious and ordinary meaning of the language contained in
the foregoing instruction is that the jury were required
to find from a preponderance of the evidence that the
deceased was free from negligence, etc.; and, unless they
so found, plaintiffs could not recover.   So construed, no
one either can or does defend the instruction.   True,

counsel point to other portions of the charge wherein, they contend, the rule respecting the burden of proof is correctly stated. If that be conceded, it still does not minimize, much less cure, the palpable error contained in the foregoing instruction. At most it would merely present a case where two instructions were given upon the same subject, one proper and the other improper. Where such is the case, and the evidence is conflicting upon the subject covered by the instructions, or is such that more than one conclusion is permissible, and the record leaves it in doubt whether the jury followed the instruction that is proper or the one that is improper, then but one result is legally permissible in this court, and that is to reverse the judgment and grant a new trial to the aggrieved party. The district court no doubt had in mind correct principles of law when it framed the instruction, but in stating those principles it used language which cast a burden on plaintiffs which the law does not require of them. The instruction is therefore clearly erroneous.

For the reasons stated, the judgment is reversed, and the cause is remanded to the district court of Salt Lake County, with directions to grant plaintiffs a new trial. Plaintiffs to recover costs.

McCARTY, THURMAN, CORFMAN, and GIDEON, JJ., concur.