ELIZABETH McLAIN RICH, NEXT FRIEND OF JAMES McLAIN RICH, AND ELIZABETH McLAIN RICH, IN HER OWN RIGHT, APPELLANT, v. SARAH ELDREDGE, RESPONDENT.

Argued May 22, 1929—Decided October 14, 1929.

For the appellant, *Samuel M. Garfinkle* (*George A. Bourgeois,* of counsel).

For the respondent, *S. Rusling Leap.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff was nonsuited in the court below on the ground that no evidence of negligence in the defendant was disclosed in the proofs. From this judgment the present appeal is taken.

The action was to recover damages for personal injuries to a six-year-old boy received through collision with defendant's automobile. The accident occurred under the following circumstances: The plaintiff had been playing on the southerly sidewalk of Mechanic street in Cape May Court House. In this street were parked two automobiles, one on either side and opposite to each other. The space intervening was sufficient for the passage of two cars proceeding in opposite directions with a few inches to spare. Defendant's car was proceeding in an easterly direction and passing another car moving westerly in this intervening space when the plaintiff left the sidewalk, passed in front of the standing car parked on that side of the street, and, when he had proceeded the distance of a foot into the open space, was struck by defendant's car. There was proof that the car was being driven at a speed of twelve or fifteen miles an hour.

In this situation we can see no evidence of negligence. It is argued that for a car to attempt to pass another in the confined space at that rate of speed afforded some evidence of negligence in its driver. While this might be true respecting safety of movement as between the vehicles, we cannot see that it had any bearing on the accident which occurred. Whether the space were narrow or broad, whether at the moment other cars were approaching could have no relation to the collision between the car and the boy. When the defendant's car was proceeding to pass the car parked on its right the boy was standing on the sidewalk. There was no reason to apprehend that he would suddenly pass out

from his position of safety to a position of danger in front of the moving car. Nor was he observable by the driver because of the obstructed view caused by the parked car. The driver of the car was enjoined by law to keep to the right of the centre of the highway, and this regardless of whether other cars were approaching or not. She was thus proceeding at the time of the accident, and at a speed at that time permitted by statute, even though the houses may have been less than one hundred feet apart (of which latter fact, however, there was no proof). The most that appeared as to speed was that the car was being driven at twelve or fifteen miles an hour. Such proof, of course, did not establish anything beyond the alternative of twelve miles.

The result we reach is that the nonsuit was proper and that the judgment should be affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, WHITE, KAYS, HETFIELD, DEAR, JJ. 8.

*For reversal*—THE CHIEF JUSTICE, KALISCH, BLACK, CAMPBELL, VAN BUSKIRK, McGLENNON, JJ. 6.