SPACKMAN v. BENEFIT ASS'N OF RY. EMPLOYEES.

No. 6081.   Decided April 21, 1939.   (89 P. 2d 490.)

*Stewart, Stewart & Carter, C. J. Parkinson* and *Edwin B. Cannon*, all of Salt Lake City, for appellant.

*Willard Hanson* and *Stewart M. Hanson,* both of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

Jean Spackman, the plaintiff and respondent, brought this action on an accident policy of insurance for the death of her husband, David H. Spackman, covering bodily injuries and death resulting directly and exclusively of all other causes sustained at any time during the life of the policy solely through external, violent and accidental means.

Benefit Association of Railway Employees, hereinafter referred to as appellant, by assignments of error presents six questions.

1. Incompetency of the expert testimony.

2. Insufficiency of the evidence to sustain the verdict of the jury.

3. Errors in the admissibility of evidence.

4. Errors in ruling on pleadings.

5. Errors in giving and refusing instructions.

6. Error in denying motion for a new trial.

The assignments are condensed into the six questions above stated. Those numbered one and three go substantially to the same proposition. A similar situation obtains as to assignments two and six.

The complaint states a cause of action and is not indefinite or uncertain. This will more fully appear in discussing the matter of sufficiency of the evidence as related to the allegations of the complaint. Except as indicated, no further reference need be made to the fourth question.

There was no error in refusing to give appellant's requested instructions as to the fifth question. Comparison of the requested instructions with the instruction given reveals that the matter sought to be covered by the requests was fully covered and was more favorable to appellant than the requested instructions. It is not necessary to set them out for comparison.

We have examined the record and the instructions and requested instructions and find that the issue was narrowed and limited by the pleadings to the single issue as to whether the deceased died from a bodily injury sustained solely through external, violent and accidental means, namely the bite of a bug or insect. As will be seen the issue in the case by a process of elimination and condensation is resolved into a single question as to whether there is sufficient evidence to sustain the verdict of the jury upon that issue.

The jury was instructed among other things that before a verdict could be found for the plaintiff they must find from a preponderance of the evidence that the original cause of the infection and the subsequent death was the bite of a bug or insect. The jury must have so found. Is the evidence sufficient to sustain the verdict? This must be determined from the record.

David H. Spackman was insured by the appellant. The respondent was the beneficiary. No question is presented as to the issuance of the policy, the payment of premiums, that it was in full force and effect at the time of his death, nor any question about the provisions of the policy. The policy is a part of the record.

A verdict of a jury may not be based upon testimony showing only possibility or such situation as requires a jury to base its verdict upon conjecture, speculation or suspicion. *Edwards* v. *Clark et al.*, 96 Utah 121, 83 P. 2d 1021.

In the case of *Reid* v. *San Pedro, Los Angeles & Salt Lake Railroad,* 39 Utah 617, 118 P. 1009, 1010, the question of liability depended upon whether a cow got upon the railroad right of way through an open fence or an open gate. The cow was killed nearer the open gate than the open fence. If she got upon the right of way through the gate no liability attached, if through the open fence liability did attach. The court said:

"The inference, therefore, is just as strong, if not stronger, that she entered upon the right of way through the open gate as it is that

she entered through the fence at the point where it was out of repair. * * * It is a familiar rule that where the undisputed evidence of the plaintiff, from which the existence of an essential fact is sought to be inferred, points with equal force to two things, one of which renders the defendant liable and the other not, the plaintiff must fail."

In the case of *Tremelling* v. *Southern Pacific Co.*, 51 Utah 189, 170 P. 80, 84, after citing cases the following language is approved:

"When an injury may have come from either of two causes, either of which may have been the sole proximate cause, it devolves on the plaintiff to prove by a preponderance of the evidence that the cause for which the defendant was liable was culpable and the proximate cause."

The cases involving the proof of negligence of similar import to those above referred to are numerous. We know of no reason why the same rule should not be applied in any case presenting a situation where permissible inferences by a jury are involved. In the case of *Peterson* v. *Richards,* 73 Utah 59, 272 P. 229, 234, where a verdict was supported this court said:

"The plaintiff to sustain his cause must prove more than mere conjecture or probability that the injury occurred as alleged by him; and that where the plaintiff seeks to prove an allegation essential to his cause only by an inference or inferences sought to be deduced from proven facts and circumstances, and the evidence so adduced by him with equal force points to several inferences or causes, one of which rendering the defendant liable and the other or others not, the plaintiff has not sustained his cause by sufficient evidence."

The court then proceeded to say that the rule had no application to the cause then under consideration because what "inference or inferences may be deduced therefrom point in but one direction" and that such inference was consistent with the inference that plaintiff's fingers were injured at or about the operating table, although there was no direct evidence as to such injury, and the inference or inferences rested entirely upon circumstantial evidence.

The insurance contract, before liability attached, required that the accidental death result "from bodily injury sustained solely through external, violent and accidental means." The evidence is undisputed that the staphylococcus infection or blood poisoning was of external origin. Plaintiff, however, by her allegation chose to limit her allegations relating to those accidental; external and violent means to "the bite of a poisonous bug or insect, the name of said poisonous bug or insect being unknown to this plaintiff." The court in its instructions directed the jury's attention to the situation in the following language:

"You cannot, you are instructed, return a verdict in favor of the plaintiff if the evidence as to the cause of death is conjectural merely, or is so uncertain that you cannot determine the original cause of the infection testified to by witnesses for plaintiff. On the contrary, you must, before you can return a verdict in her favor, find from a preponderance of the evidence that the original cause of the infection and the subsequent death of the deceased was as set out in plaintiff's complaint, the bite of a bug or insect."

The jury was further instructed that "an insect bite or sting resulting in death, although the name, kind or type of insect is unknown is a bodily injury caused through external, violent and accidental means." *Omberg* v. *United States Mutual Accident Association,* 101 Ky. 303, 40 S. W. 909, 72 Am. St. Rep. 413.

Therefore by allegation, instructions of the court and proof plaintiff was required to establish that the infection had its origin from "the bite of a bug or insect." Could the jury have so found from the evidence?

Summarizing the evidence, David H. Spackman was well and active at 7:30 o'clock on the morning of the 9th of April. He obtained his working clothes from a closet where bugs and insects had been seen. By 9:30 A. M. of the same day, a noticeable change had occurred as to his attitude toward the ability to do his work. His neck had become stiff. A lesion had appeared at the hollow of his neck just above the breast bone. The lesion spread rapidly and

became six or eight inches in diameter, vesicles developed upon the surface which contained pus which when cultured were identified as bacteria termed staphylococcus. A staphylococcus infection is usually from some external lesion on the skin.

In so far as external appearances were concerned witnesses described the lesion or injury as having the appearance of, or being like, the "bite of an insect or sting of a bee." Three lay witnesses so testified. This was the expression of an opinion or a descriptive appearance constituting a generalization of matters of common knowledge. No other description or explanation was offered.

Appellant's objection to the so-called "expert testimony" of Dr. Castleton is not well taken. The opinions expressed by him were largely from his own observations and come more nearly being the answers of a skilled witness based upon what he observed than that of an expert based upon an assumed state of facts or facts in evidence adduced from other witnesses. No prejudice could have resulted from the admission of Dr. Castleton's testimony.

Negatively, it was said the lesion did not have the appearance of a pimple or boil. The physicians ventured the opinion that it would be impossible to determine from the descriptions given what the cause of the infection was. No other or different explanation or theory of the origin of the infection was suggested or given than that it was like a bite of an insect or bee sting. Two witnesses testified there was an opening in the center of the lesion. The doctor, who examined it and treated it, said he did not see such opening. That was a matter for the jury.

Suppose a person steps upon a small piece of glass. Upon examination a lesion may or may not be observed, but upon careful examination a clear substance is found to have penetrated the skin. Upon removal, it is said to look like a piece of glass, a piece of sand, a bright piece of steel, or a hard transparent or semi-transparent particle. All are such ap-

pearances as an ordinary observation might suggest. Chemically, it might be none of them.

We think the evidence sufficient to require us to say we cannot disturb the verdict as it was based upon a permissible inference from the evidence properly submitted.

Judgment affirmed.

WOLFE, LARSON, and PRATT, JJ., and HOYT, District Judge, concur.

McDONOUGH, J., being disqualified, did not participate herein.