SPACKMAN et al. v. INDUSTRIAL COMMISSION et al.

No. 6076.   Decided June 22, 1939.   (91 P. 2d 511.)

*Willard Hanson* and *Stewart M. Hanson,* both of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Van Cott, Riter & Farnsworth,* of Salt Lake City, for defendants.

WOLFE, Justice.

Writ of certiorari to the Industrial Commission to review a decision refusing compensation to Jean Spackman, widow

of David H. Spackman. This same plaintiff obtained a verdict in the case of *Spackman* v. *Beneficial Association of Railroad Employees,* appealed to this court and reported in 89 P. 2d 490, on an insurance policy. Much of the evidence given before the Industrial Commission was summarized in that opinion and reference is made to that opinion for general statement of the facts. In this case the issue is as to whether (1) Spackman encountered an accident; (2) if so whether it was in the course of and arose out of his employment with the Denver and Rio Grande Railroad Company; and (3) whether it caused his death. In the Benefit Association case the issue was only as to whether he had suffered an injury resulting in death and whether the injury was caused solely by violent, external and accidental means. The fact which must be proved in this case which did not need to be proved in that case was as to whether the accident, if any, was related to the employment, either by being in the course of or arising out of it.

The plaintiff and her daughter testified that Spackman left the house on the morning of April 9th about 7 in the morning in good health, with his shirt open at the neck with no mark on the neck. Spackman showed to his fellow workmen between 8:30 and 9 a. m. what he expressed as being an insect bite. There was further evidence that he changed his clothes at 7:30 that morning in the locker room and that there were insects in and about the locker room. He saw Dr. Castleman, the company doctor, at 11 a. m., on the same morning because of the inflamed area on his neck about the size of a marble. The doctor thought it was an insect bite.

The Commission found that "the staphylococcus germs entered the body of the deceased through an abrasion of the skin in the neck, just above the sternal notile and spread throughout his body causing his death." But the Commission further found that "said abrasion was not caused by nor was it the result of any accident arising out of and in the course of the employment of said deceased * * * and that the staphylococcus germs did not enter the body of said

deceased because of or as a result of any germs arising out of or in the course of deceased's employment."

It is, therefore, difficult to know whether the Commission held that there was no accident at all or whether there was an accident but that it did not arise out of or in the course of the employment of the deceased. The fact that the Commission found that there was an abrasion and that the germs entered through the abrasion would point to the conclusion that it found there was an accident, but it concluded that the accident was not related to the employment. While the Commission could very well have arrived at the conclusion that the abrasion happened in the course of the employment or that the germs entered the abrasion during the course of the employment, it was not, from the evidence, so compelled to find. Likewise, while the Commission found there was an abrasion of the skin the evidence did not compel it to find that such abrasion was the result of an accident, albeit, the evidence indicated rather strongly that deceased suffered from an insect bite. But it was still an open question on the evidence for the fact finder as to whether there had been an insect bite. The jury in the Benefit Association case found there was, but such finding was not controlling on the Commission. A glance at the Benefit Association case reveals that we would have sustained the verdict of the jury in that case had it found that there was no "bite" and therefore no accident.

We do not think it can be said that the Commission acted unreasonably or arbitrarily in finding the fact that the accident, if any, did not occur in the employment. There was not an inevitable conclusion in that regard, even though it be admitted that the evidence points that way. Consequently, it did not find contrary to an inevitable conclusion. The deceased himself was not certain when he had been bitten, if he had been. The evidence that the bite occurred in the employment, if it was a bite, depends upon inferring from the evidence that he left home without a mark on his neck, plus evidence that after he

started to work about 9:30 a. m. he called the attention of Robinson and Griffiths to the mark, plus evidence that bugs did inhabit the lockers where deceased kept his work clothes. The evidence is all circumstantial and points to the conclusion which appellants want us to say is the inevitable conclusion. But we cannot say this. The fact-finding body could still, without being unreasonable, find that they were not convinced. *Kent* v. *Industrial Commission*, 89 Utah 381, 57 P. 2d 724. *Norris* v. *Industrial Commission*, 90 Utah 256, 61 P. 2d 413.

The decision of the Commission is affirmed.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.