268 P.2d 986

**ALVARADO v. TUCKER et al.**
No. 8043.
Supreme Court of Utah.
April 2, 1954.

21. This holding was reaffirmed in Jenkins v. Morgan, 113 Utah 534, 196 P.2d 871, 874.

22. Robertson v. Bachmann, supra.

18

David K. Holther, Ogden, for appellant.

Nielsen & Conder, Salt Lake City, for respondents.

CROCKETT, Justice.

Angela ·Alvarado, age 11, ran into the street and was struck by the defendant's car. From a judgment dismissing her action, granted under Rule 41(b) U.R.C.P. at the conclusion of the plaintiff's evidence, she appeals.

On this appeal we are concerned with the sufficiency of the evidence to raise a jury question as to (a) defendant's negligence, and (b) its proximate cause of plaintiff's injury.

On the evening of March 17, 1952, the plaintiff was playing tag with her girl friend, Karen Norton and her brother. He was chasing the two girls along the east side of Eccles Avenue in Ogden, Utah. They started across the street, but seeing a car headed north, they ran along parallel to it until it passed, then ran behind it westward across the street and directly into the path of the defendant who was driving from the north. He applied his brakes, missing and brushing Karen by the side of his car, but striking plaintiff.

(a) The only contention here made as to the defendant's negligence is that the evidence would reasonably support a finding that the defendant was speeding. The area was zoned for 25 miles per hour. On the following day, black skid marks were found on the pathway of the defendant's car at the scene of the accident. A neighbor stepped off the marks and calculated their length at 50 feet. An experienced police officer, acquainted with the use of charts which show the relationship between speed and stopping distances, was properly permitted to testify as to the speed of the defendant's car. On direct examination he said 35 miles per hour but on cross examination admitted having failed to take into consideration the length of the car and

that the actual speed was anywhere from 25 to 30 miles per hour. It is this evidence which plaintiff argues was sufficient to require submission of the question of speeding to the jury.

■ Assuming that the evidence would justify a finding that the skid marks were laid down by defendant's car, the proof submitted would not substantiate a finding that he was driving over 25 miles per hour. The rule is familiar that "testimony of a witness on his direct examination is no stronger than as modified or left by his further examination or by his cross-examination. A particular part of his testimony may not be singled out to the exclusion of other parts of equal importance bearing on the subject."[1] This leaves the testimony against defendant at "between 25 and 30 miles per hour."

■ The burden was upon plaintiff to prove the charge of speeding; such a finding of fact could not be based on mere speculation or conjecture,[2] but only on a preponderance of the evidence. This

means the greater weight of the evidence, or as sometimes stated, such degree of proof that the greater probability of truth lies therein.[3] A choice of probabilities does not meet this requirement. It creates only a basis for conjecture, on which a verdict of the jury cannot stand.[4] In accord with this, on the question of speeding, is the case of Rich v. Eldredge[5] wherein it was held that proof that a car traveled 12 to 15 miles per hour would only justify a finding of 12 miles.

Applying this principle to the case at hand, from the evidence that defendant's car was traveling "anywhere from 25 to 30 miles per hour," it follows that it is just as likely that he was going 25 miles per hour, a lawful speed, as it is that he was going 30 or any amount in between. Accordingly, there is no basis upon which the jury could find from a preponderance of evidence that the defendant was exceeding the speed limit.

■ (b) Even if the plaintiff were correct in her contention that the evidence

1. Putnam v. Industrial Commission, 80 Utah 187, 14 P.2d 973, 981.

2. Mehr v. Child, 90 Utah 348, 61 P.2d 624; Dern Inv. Co. v. Carbon County Land Co., 94 Utah 76, 75 P.2d 660; Spackman v. Benefit Ass'n of Ry. Employees, 97 Utah 91, 89 P.2d 490; Sumsion v. Streator-Smith, Inc., 103 Utah 44, 132 P.2d 680; Anderson v. Nixon, 104 Utah 262, 139 P.2d 216.

3. Burnett v. Reyes, 118 Cal.App.2d Supp. 878, 256 P.2d 91, 93.

4. Franklin v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 153 A.L.R. 156.

5. 106 N.J.L. 181, 147 A. 384.

would justify a finding of 5 or 10 miles per hour in excess of the speed limit, she would still be faced with the necessity of proving that such excess of speed was the proximate cause of the injury.[6] Under the facts here shown, that as defendant was proceeding southward, the plaintiff darted westward across the street and came out from behind the north bound car into defendant's course of travel. Nothing appears in the evidence, either directly or from reasonable inference, to indicate that he could have stopped in time to avoid striking plaintiff, even if he had been traveling only 25 miles per hour.[7] In other words, from anything that appears, the fact of such excess speed would not have made the difference between hitting or avoiding plaintiff.

Judgment affirmed. Costs to respondents.

McDONOUGH, HENRIOD, and WADE, JJ., and NORSETH, District Judge, concur.

WOLFE, C. J., being disqualified does not participate herein.

6. 9 Blashfield Cyclopedia of Automobile Law and Practice, Part 2, page 449.
7. See 5 Am.Jur., page 596; 4 Blashfield Cyclopedia of Automobile Law and Practice, part 2, page 110.