336 P.2d 781

**Lydia G. IVIE, Plaintiff and Respondent,**
**v.**
**Dennis Waring RICHARDSON, Defendant and Appellant.**
No. 8856.
Supreme Court of Utah.
March 9, 1959.

---

3. Pollari v. Salt Lake City, 111 Utah 25, 176 P.2d 111.

Ray, Quinney & Nebeker, Marvin J. Bertoch, Salt Lake City, for appellant.

Gordon I. Hyde, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Plaintiff, Lydia G. Ivie, was struck by the left rear part of defendant's automobile as it backed out of a driveway leading from the City Welding & Radiator Works ga-

rage onto Third East in Salt Lake City. She recovered a jury verdict and judgment. Defendant appeals.

The questions presented here are: 1. Is plaintiff barred from recovery because of contributory negligence as a matter of law, and 2. Were certain instructions given by the trial court erroneous and prejudicial.

■ Construing the evidence relating to the facts in the light most favorable to the plaintiff,[1] they are substantially as follows: plaintiff and her little niece had been to a grocery store on the northwest corner of the intersection of Third East and Broadway. They walked north on the sidewalk on the west side of Third East until they came to the driveway leading out of the garage. Plaintiff glanced in the open entrance and saw no car therein, then turned directly east and walked out along the driveway toward the street, intending to cross Third East. There is no pedestrian crossing there. While facing away from the garage plaintiff was struck from behind by defendant's automobile as he backed it out of the garage, knocking her to the ground, spilling her groceries, and naturally causing her some shock and bruises. The defendant was solicitous and apologetic and, according to the plaintiff, stated: "I was looking for my sun glasses and didn't see you."

Due to the statement just quoted and other facts as recited, defendant concedes that there is evidence from which the jury could find he was negligent, but contends that the evidence is so clear that the plaintiff was also negligent, which contributed to cause her own injury, that reasonable minds could not find to the contrary, and consequently, she is precluded from recovery. It is to be kept in mind that there are two aspects of this question: (a) was plaintiff negligent, and (b) if so, was it a proximate cause of her injury.

■ As to plaintiff's negligence, defendant cites Section 41-6-7(c), U.C.A.1953, which defines roadway as "That portion of highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder * * *," contending that plaintiff was illegally on such part of the roadway and had a duty to yield the right of way to vehicular traffic.[2] He cites the case of Brunette v. Bierke,[3] wherein it was held that the area of ingress off the highway into a service station was

1. Lewis v. Rio Grande Western Ry. Co., 40 Utah 483, 123 P. 97.
2. Section 41-6-82(a), U.C.A.1953, states: "Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Section 41-6-79(a) states: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."
3. 271 Wis. 190, 72 N.W.2d 702.

part of the traveled portion of the roadway. The soundness of that case on its own facts is not in issue here. But the idea should certainly not be extended so that every driveway between a sidewalk and a street would be regarded as part of "that portion of highway * * * ordinarily used for vehicular travel * * *" because it obviously would not come within the ordinary meaning of that language. Furthermore, plaintiff testified that she was at the very south edge of the driveway and thus out of the regular course of travel. There is therefore no basis to sustain defendant's charge that she was violating a statute designated for her safety which would make her contributorily negligent as a matter of law.

The other facet of the charge that plaintiff must be deemed guilty of negligence as a matter of law is that, knowing that cars used the driveway going in and out of the garage, she turned her back on a source of potential danger and failed to keep a proper lookout. The answer to this is found in the fact that on redirect examination she expressly said, as above indicated, that she was right on the south edge of the driveway area; that the defendant's car had swerved to the south out of the regular lane of travel to strike her. Assuming such facts, it is our opinion that reasonable minds might well find that in keeping south of the regular lane of travel

she was within the required standard of ordinary care.

At this point we digress to treat a question raised as to the quality of the evidence bearing on the matter just discussed. Defendant contends that no such finding could be made because the plaintiff admitted on cross examination that she had walked up even with the door, looked in, turned and "walked down the driveway" and on several occasions used similar expressions. Defendant cites the rule that testimony is no stronger than her cross examination and argues that she therefore must be deemed to have been in the traveled portion of the driveway. The rule is correct, but its attempted application here is not. Like all rules, it must be applied with due consideration for the situation at hand. It does not preclude a witness who may have been confused or mistaken from either clarifying his testimony or rectifying errors on redirect. Such is the purpose of redirect examination.

Even if a witness had testified one way as to a given fact, that would not preclude him from testifying otherwise if the matter were again called to his attention. One might even have testified falsely and later recant and tell the truth. In such instance testifying two ways on a given situation may discredit the witness so the jury would not believe him; or they may believe the testimony against his in-

terest. But it would be for the jury to decide as to the credibility of the witness and the version of his testimony, if any, they would accept. The fact here is that the plaintiff did not identify the exact portion of the driveway she walked down in her prior testimony, although in fairness it must be conceded that her statement might reasonably imply that she walked down the regularly traveled portion. She was at liberty to explain on redirect examination with more particularity just where she was.

■ There is the other aspect of the charge that she is barred by contributory negligence: the question of proximate cause. The jury could have found her negligent in turning her back to potential traffic and yet reasonably fail to believe that her negligence was a proximate cause of the collision. It could have viewed the matter thus: that as she walked east along the south edge of the driveway, and as the defendant backed eastward in the traveled area toward her, he swerved to the south and struck her; and consequently, that even if she had been watching him, she could not have jumped out of the way or otherwise avoided being struck. Under such facts her failure to keep a lookout would have had nothing to do with causation of the incident.[4] We, therefore, are of the opinion that the questions of plaintiff's negligence and proximate cause are properly jury questions, and the defendant is not entitled to prevail as a matter of law as he contends. We agree, however, that because of other errors assigned, to be discussed presently, the defendant is entitled to a new trial.

■ The court gave this Instruction No. 4:

"If you find from a preponderance of the evidence that the defendant failed to keep and maintain a proper lookout for the plaintiff in the driveway where the accident occurred and that such failure proximately resulted in the accident, then your verdict must be in favor of the plaintiff and against the defendant."

The above instruction, taken by itself, is in error because it fails to take into account the possible contributory negligence of the plaintiff. This kind of instruction, sometimes referred to as a "formula" instruction, which makes a recital in accordance with the contention of a party and ends with the conclusion: "* * * and if you so find, then your verdict must be for [the party]" is not generally a good type of instruction to give. This is so because it lends itself to the error just noted and also because it tends to be argumentative rather than to set out the principles of law applicable to the issues impartially as to both parties. For such reasons it is better to

4. See Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.

12

avoid giving instructions of that type.[5] It is conceded that the issue of contributory negligence was properly covered in the next instruction. This, however, pitted one instruction against the other and might have been confusing to the jury.[6]

Of more importance is the error assigned in giving Instruction No. 10. It states that the driver of a vehicle, "* * * emerging from * * * any * * * driveway, or building, shall stop such vehicle immediately prior to driving on to a sidewalk * * * and shall yield the right of way to any pedestrian * * * to avoid collision, * * *." This instruction is a correct statement of the law, but it is not applicable to the instant fact situation. The plaintiff was not on a sidewalk or a sidewalk area. The failure of the defendant to stop, if he did, had no causative effect in this incident. Nor was the plaintiff in any area where she necessarily had the right of way over the defendant. It was simply a situation where each had the duty to use due care for the safety of themselves and each other. The above instruction might well have had the effect, as the defendant contends, of giving the jury the impression that the plaintiff was entitled to the right of way, and therefore was in error in this fact situation.

There are additional circumstances in the instant case that are indicative of the fact that a fair trial was not had by the defendant. Counsel for the plaintiff appears to have tried quite overtly to get before the jury the idea that the defendant was covered by insurance. Defendant's attorney found it necessary in cross examining plaintiff to use a statement taken from her sometime after the accident. Although counsel were well aware that this man was an insurance company investigator, plaintiff's counsel persisted in inquiring about identification of this man in the presence of the jury. Inquiry as to who the man was was quite proper, but inquiry as to his connections and purpose obviously lent itself to the thinly veiled ulterior design of getting the fact of insurance before the jury. There seems to be no question about the impression it made. This is shown clearly by a colloquy between counsel and the trial court, in the absence of the jury, during which the judge stated:

"Now I strongly suspect, and I might just as well let the record show, that most of this that you are seeking now is for the purpose of disclosing to this jury that an insurance agent is involved and that some money was offered, you claim some money was offered. If there is any other fact that you want to show that will go to show the truth or the incorrectness of this statement you are at liberty to do so.

5. Jury Instruction Forms—Utah p. XVI, states an express warning against this type of instruction.

6. Sorenson v. Bell, 51 Utah 262, 170 P. 72; Morrison v. Perry, 104 Utah 151, 140 P.2d 772.

But if it is just for the purpose of disclosing to the jury an insurance company may be standing behind this defendant the objection to that will be sustained, no matter under what approach you make to it."

We agree with the trial judge that such conduct is improper.

Implementing the impression of the trial judge is the fact that the jury award seems out of proportion to the plaintiff's injury and any damage that she might have suffered, even under the most favorable aspects of her testimony and that of her physician. In a report made by the latter is the following statement: "She asked me if I thought there had been any permanent trouble from the contusion to her knee which had been received in June, 1956. Since that was a very minor injury, I did not think it had any permanent effect. * * *"

The plaintiff did not go to a doctor until eleven days after the accident and only a few times thereafter. She was unable to recall any particular number of days she lost as a result of this injury. Nor could she remember having lost as much as two or three days consecutively. Despite these facts the jury awarded her $5,000. This, it is commonly known, is the limit of one type of insurance policy for personal injuries to one person.

It is unnecessary and would serve no useful purpose for us to decide whether any one of the errors above discussed, considered separately, would constitute sufficient prejudicial error to require a new trial. The question is whether the case was presented to the jury in such a manner that it is reasonable to believe there was a fair and impartial analysis of the evidence and a just verdict. If errors were committed which prevented this being done, then a new trial should be granted, whether it resulted from one error, or from several errors cumulatively.[7] We expressly do not mean to say that trivia which would be innocuous in themselves can be added together to make sufficient error to result in prejudice and reversal. The errors must be real and substantial and such as may reasonably be supposed would affect the result.[8] However, errors of the latter character, which may not by themselves justify a reversal, may well, when considered together with others, render it clear that a fair trial was not had. In such event justice can only be served by the granting of a new trial, absent the errors complained of. It is so ordered. Costs to appellants.

7. See 5A C.J.S. Appeal & Error, § 1676, p. 683.

8. Crellin v. Thomas, 122 Utah 122, 247 P.2d 264; Jensen v. Logan City, 89 Utah 347, 57 P.2d 708.

WADE and McDONOUGH, JJ., concur.

WORTHEN, J., concurs in the result.

HENRIOD, Justice (dissenting).

I agree with that portion of the main opinion that condemns the instructions mentioned. I think, however, that we should not have reached the stage where we send the case back for a new trial for faulty instructions, but that we should have reversed it with directions to dismiss plaintiff's complaint on grounds of contributory negligence as a matter of law. Hence, I dissent.

The main opinion mollifies the facts in this case by analyzing rules of law applied to facts not germane here, and by interspersing hypothetical conclusions the jury might have arrived at,—had the facts been different than admittedly were extant here.

The main opinion seems to concede that plaintiff was *in* the driveway, but guesses that she may have been on a portion thereof not ordinarily travelled by vehicles. Aside from this writer's difficulty in determining on which portion of a driveway a car owner must drive,—the south, north, east, west or middle,—in order to exculpate himself, plaintiff's counsel himself disagrees with the opinion's fine distinction which suggests that one may be free of negligence by being on one part of a driveway built apparently for plenary occupation by vehicles, but not if he is on another part of the same driveway. Plaintiff's counsel insists that the plaintiff was not in the driveway at all, but that "she was standing *on the shoulder* which was not ordinarily used for vehicular travel." So says his brief.

Counsel for plaintiff makes such assertion on the basis that the jury, on conflicting evidence, is the agency to resolve the facts one way or the other, and that once established, the evidence will be reviewed in a light most favorable to respondent. *He makes no contention that had the jury found plaintiff was struck in the driveway she could have recovered nonetheless.*

The principles enunciated have to do with cases of conflict in the evidence created by contradictions between that adduced by one side as opposed to the other, but not where the conflict has been created solely by the party that seeks to take advantage of the rule that conflicts in the evidence shall be resolved in favor of the winner.

In this case the conflict as to where plaintiff was struck, was created by the plaintiff herself, she being the only witness attesting thereto. She is bound by a well-established principle that one's testimony is no stronger than that he gives on cross-examination.[1] It is incumbent on this court, therefore, to review her testimony

1. Alvarado v. Tucker, 1954, 2 Utah 2d 16, 268 P.2d 986.

under cross-examination, which among other things, was as follows:

"I followed the sidewalk and then walked down the south side of the driveway. I was on the driveway when I was hit and it was the south side of the driveway."

She also testified as follows:

"Q. And so you had walked down the driveway for some distance, is that right? A. Yes.

"Q. And during the time that you walked down toward the travel portion of the street your back was to the door of the garage, that's true, isn't it? A. Yes, it is true.

"Q. And having walked up near this garage is there any place there where it would have been safer for you to have gone out through the street than the route on the driveway which you took? A. Well, everybody walks across there.

"Q. Supposing instead of walking down the driveway as you did, suppose you had walked in this area say just two or three or four feet to the south of where you walked out to the curb that way. Could you have done that? A. That is completely level all along there.

"Q. Well, Could you have done that? A. Yes, I could.

"Q. In other words you could have walked along that dirt area to the curb rather than walking down the driveway if you had wanted to, is that correct? A. Yes.

"Q. At the time and the place he was on the drive you were on the driveway? A. Yes.

"Q. Is the reason you walked down the driveway rather than walking to the curb because you did not want to step off the curb, is that not correct, Mrs. Ivie? A. No, I did not have any reason. * * *

"Q. And from the time you left the sidewalk and started down the driveway, during all that period of time your back was to the doorway of the garage, is that correct? A. Yes."

On re-direct examination, plaintiff chose to depart from such testimony, saying she was not in the driveway but was standing south and on the shoulder of the driveway.

In what appears to be a rather labored effort to render lip service to the rule that one's testimony is no stronger than that given on cross-examination, but in what I think is an equally labored effort to circumvent it by a type of peripatetics quite inapplicable to the facts of this case, and by way of generalization that may not only haunt us later but which would emasculate the rule mentioned, the main opinion says:

"The rule is correct, but its attempted application here is not. Like all

rules, it must be applied with due consideration for the situation at hand. It does not preclude a witness who may have been confused or mistaken from either clarifying his testimony or rectifying errors on redirect. Such is the purpose of redirect examination. Even if a witness had testified one way as to a given fact, that would not preclude him from testifying otherwise if the matter were again called to his attention. One might even have testified falsely and later recant and tell the truth. In such instance testifying two ways on a given situation may discredit the witness so the jury would not believe him; or they may believe the testimony against his interest. But it would be for the jury to decide as to the credibility of the witness and the version of his testimony, if any, they would accept."

In this case the plaintiff was *not* "confused or mistaken,"—until, after cross-examination and on redirect examination she reversed herself completely and got herself out of the driveway where, so situate, her cause would have been damaged or lost altogether. Her testimony on cross-examination, set out above, showed no confusion or mistakenness, and the quoted remarks of the main opinion, attributes to her a role of a witness quite out of character with that here. The purpose of redirect examination may be to clarify con-

fusion, but its function was never to fabricate evidence or change unconfused, clear testimony elicited on cross-examination.

When the main opinion says "Even if a witness had testified one way as to a given fact, that would not preclude him from testifying otherwise if the matter were called to his attention," such statement may be true. But if he *does* testify one way on *cross-examination* and he testifies otherwise on *direct* or *redirect* examination, it has been my impression that the veniremen could not weigh the contradictions, but must be told, under the Alvarado case, one written by Chief Justice Crockett, the author here, that they must consider only that testimony given on cross-examination.

The main opinion continues that "one might even have testified falsely and later recant and tell the truth." That is not this case at all. Plaintiff here admitted to no falsehood. Had she done so the verdict almost surely would have been other than it was.

It is further said in the main opinion that "testifying two ways on a given situation may discredit the witness so the jury would not believe him; or it may believe the testimony against his interest. But it would be for the jury to decide as to the credibility of the witness and the version of his testimony, if any, they would accept." This statement would seem to destroy entirely the rule laid down in the Alvarado case, since it says that the jury may weigh

the diametrically opposed testimony given on direct and cross-examination. If we say the jury may weigh both and choose which it likes, we must be logical and say that on appeal we are bound to accept the verdict based on such inconsistent testimony. It places a premium on prevarication once one is confronted with testimony he gives on cross-examination that proves harmful to his cause. Such statement of the main opinion hardly can be squared with the following language of the Alvarado case:

> "The rule is familiar that 'testimony of a witness on his direct examination is no stronger than as modified or left by his further examination or by his cross-examination. A particular part of his testimony may not be singled out to the exclusion of other parts of equal importance bearing on the subject.' Putnam v. Industrial Comm., 80 Utah 187, 14 P.2d 973, 981." [2 Utah 2d 16, 268 P.2d 987.]

There is no escape from the fact that either we were wrong in the Alvarado and Putnam cases or we are wrong in the instant case.

It appears from plaintiff's own testimony that she had in mind going home by a route not marked for pedestrians, that she walked down a driveway obviously designed for vehicular travel, and that at no time after she entered the driveway did she make any effort to observe any vehicular movement from the garage.

Under such circumstances, where plaintiff employed a route obviously designed for vehicular, not pedestrian travel, without glancing back to determine if there were any vehicular movement from the rear, there should be no choice but to conclude under established principles that she was contributorily negligent as a matter of law.[2]

The case should be reversed and dismissed.

---

2.   Johnson v. Syme, 1957, 6 Utah 2d 319, 313 P.2d 468, and cases cited therein.