## CHARLES V. RICE, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, May 12, 1903.

1. **Injury, Personal**: NEGLIGENCE, ALLEGATIONS OF, SUFFICIENT: PROOF. The averment of negligence in the petition—that, while plaintiff was on a handcar, defendant, by its foreman and other employees, negligently caused and permitted another hand car under the charge and control of such foreman to rush with great force and dangerous speed against the rear of the car on which the plaintiff was riding, so as negligently to cause a collision of the cars, and thereby negligently cause other servants of defendant on the front of the rear car to strike plaintiff with such force as to throw plaintiff off his car—permits proof that the collision occurred while the cars were racing.

2. ———: INSTRUCTION, MODIFICATION THEREOF, PROPER. Where plaintiff, riding on a hand car, was thrown therefrom by its being struck by a hand car coming from the rear, an instruction that he could not recover if his injury was caused solely by his want of care, in connection with the other servants of defendant, engaged in operating the hand car, and was the result of such want of care on the part of him "or" his fellow-servants, "or of both," relieves defendant of liability for negligence of its servants not participated in by plaintiff, and so is properly modified by substitution of "and" for "or," and the omission of the words "or of both."

3. ———: ———: DAMAGES, EXCESSIVE WHEN. An award of damages, to be held excessive on appeal, must be such as to shock the judicial sense of right and justice.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The court gave erroneous instructions at the plaintiff's request. Ely v. Railroad, 77 Mo. 34; Ault-

man & Co. v. Smith, 52 Mo. App. 351; Jacquin v. Cable
Co., 57 Mo. App. 320; Jennings v. Zerr, 48 Mo. App.
528; Wilkerson v. Eilers, 114 Mo. 245.    (2) The court
gave erroneous instructions of its own motion.    Breen
v. Cooperage Co., 50 Mo. App. 215; Epperson v. Tel.
Co., 155 Mo. 382; Bowen v. Railroad, 95 Mo. 268; Yar-
nell v. Railroad, 113 Mo. 580.    (3) The instructions
asked by defendant should have been given.    Douglass
v. Stephens, 18 Mo. 362; St. Louis v. Brown, 155 Mo.
564.    (4) The alleged anatomical lecture permitted by
the trial court, over defendant's objection, in plaintiff's
behalf, was a prejudicial abuse of judicial discretion.

*John M. Barker* for respondent.

(1) The authorities referred to by appellant do
not in the least support his contentions in this case.
In the case of Ely v. Railroad, 77 Mo. 34, the petition
stated that the roadbed had been undermined and made
dangerous by a flood, and the error consisted in allowing
the plaintiff to recover because the ties and material
used in construction were bad.    In Aultman Co. v.
Smith, 52 Mo. App. 351, the court said the instruction
was bad, because it allowed the defendant a verdict
because the plaintiff had converted a mortgage, when no
such defense had been made.    In the case at bar these
decisions are attempted to be applied because the word
"racing" was used as tantamount to "rushing," as
used in the petition.    (2) The proximate negligence
charged in Rice's petition is the collision, and the jug-
gling with words as to how the collision was brought
about does not deserve serious comment.    In Jacquin
v. Cable Co., 57 Mo. App. 320, the court says only that
the issues should not be widened out so as to allow a
recovery on a negligent act not set up in the petition.
The pleading must be the basis.    Wilkerson v. Ellers,
114 Mo. 245; Breen v. Cooperage Co., 50 Mo. App. 202;
St. Louis, etc., v. Brown, 155 Mo. 564.

REYBURN, J.—On July 31, 1899, plaintiff was one of a section gang repairing defendant's track in Montgomery county. A rainstorm had driven the workmen to New Florence for shelter and dry clothing, and after the weather had cleared, they started to resume work on two hand cars, plaintiff being on the leading car and one of three men in the rear, assisting in propelling it. The foreman of defendant in charge of the men was on the forward car and by his directions the cars ran close together. Respondent sustained the injuries complained of, as he averred, by being knocked off by a collision between the two cars, but as asserted, by appellant, by slipping off from his own carelessness, without any encounter of the cars.

1. The testimony is sharply in conflict as to the cause of the accident, whether plaintiff was occupying an insecure position near the edge of the forward car, and fell therefrom by reason of the slippery and smooth soles of the new shoes he had just purchased at New Florence, or whether he was knocked off by striking the body of one of the men working the propelling lever of the rear car as the two cars came together. Be that as it may, upon the prior appeal, this court held that the record abounded in evidence tending to establish that plaintiff's theory was the true explanation of his injury, and that he was hurt without any fault on his part, and the record now is replete with such testimony and the imperative instructions asked by appellant at the termination of plaintiff's evidence and of all the testimony, were properly refused. Rice v. Railroad, 92 Mo. App. 35.

2. The specific negligence charged is that while plaintiff was on the hand car proceeding westward, the defendant by its foreman and other employees, negligently caused and permitted another hand car, under the charge and control of such foreman, to rush with great force and dangerous speed, upon and against the rear end of the hand car on which plaintiff was riding,

so as to negligently cause a collision of the two hand cars and thereby negligently causing other servants of defendant to strike plaintiff from the rear, with such violence that with the negligent speed of the rear car and the concussion, plaintiff was thrown off his car and injured.

The fourth instruction for plaintiff was in the following words:

"The court instructs the jury that if they believe, from the evidence, that the defendant through and by its agents, servants and employees, whilst operating two disconnected hand cars, on the thirty-first day of July, 1899, were racing, the hand car behind trying to overtake the front car on which plaintiff was standing, and if you further believe and find from the evidence that the rear hand car did overtake and negligently strike the front hand car and that some employee of defendant on the front end of the rear hand car negligently struck the person of the plaintiff, from the rear, whilst plaintiff was riding on the rear end of the front hand car, and whilst plaintiff was exercising crdinary care and prudence, and thereby threw plaintiff off of the hand car causing him thereby to be injured, then your verdict will be for the plaintiff and you are instructed to so find."

The language in which this instruction is framed is criticised as projecting into the case and submitting to the jury, an issue not presented by the pleadings nor sustained by the proof. The testimony of defendant tended to show that the two cars were racing, as was the habit, the front car trying to keep ahead of the rear one, and the latter car striving to overtake the one ahead. The language in which the averment of negligence was pleaded, comprehended such character of testimony, especially when elicited by defendant, repeated and not objected to by it, and whether the purpose of defendant's servants in the operation of the rear car at high speed, was to overtake the forward

car or approach it, such evidence tended to sustain plaintiff's charge that the rear car was rushed with great force and dangerous speed against the car on which he was being transported.

3. Appellant asked the court to instruct as follows:

"If the jury find from the evidence in this case that the injury to the plaintiff at the time and place in question was caused solely by any want of care on the part of the plaintiff in connection with the other servants of the defendant then and there engaged with plaintiff in operating the hand car on the railroad of defendant, and that the injuries here sued for were the result of such want of care on the part of the plaintiff or of his fellow-servants, *or of both*, at said time and place, then they are instructed that the plaintiff can not recover in this action, and your verdict must be for the defendant."

The court modified the instruction by omitting the words, "or of both," as drafted by defendant and substituting "and" in lieu of the disjunctive "or," thus declining to instruct that defendant was entitled to the verdict if the injuries suffered were the result of such want of care on the part of plaintiff, or his fellow-servants, or of both, and properly instructing that such injuries, to preclude recovery, must have been the result of such want of care on the part of the plaintiff *and* of his fellow-servants, as in the original form the defendant would have been relieved of liability for negligence of its own servants not participated in by plaintiff.

4. The remaining strictures upon the rulings of the court on the instructions are equally untenable. The restriction of the sixth instruction to exoneration of defendant for an accident not caused by defendant's negligence was reasonable and proper, and similar action of the court in confining plaintiff's own responsibility to a fall from the car of his own motion was

warranted. The instruction predicated upon a failure by plaintiff to employ prompt medical aid for relief against the consequences of his injuries was not supported by the testimony and therefore justly refused. The instruction which sought to present for the consideration of the jury the condition of plaintiff superinduced by pre-existing disease, was defective in incorporating the proposition that if plaintiff had recovered from the effects of the accident he was barred from any recovery.

5. The appellant is loud and vehement in its complaint against what is termed the anatomical and surgical lecture of plaintiff's expert witness in describing and illustrating, by reference to plaintiff's nose, the nature of the injuries sustained, but if the method adopted by plaintiff in presenting such testimony was effective and potent, the presiding judge was clothed with broad discretionary authority in the proper course and seemly conduct of trials before him, and in the absence of clear abuse of such power, we are inclined to defer to his action and assume that he properly controlled the management of the trial and are not disposed to hold that the manner in which the injuries of plaintiff were demonstrated by the physician to the jury constituted reversible error.

6. The Supreme Court, in a recent decision, has again discussed at length and with great vigor the familiar question of excessive damages. The case then before that tribunal was in many respects similar to the controversy herein, and the objections urged against the award in the present case are conclusively answered by the opinion therein. "The criterion adopted in appellate courts is that the amount awarded shocks the judicial sense of right and justice." Malloy v. St. L., etc., Railway, 73 S. W. 159.

Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.