WILLIAM HOUSTON, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 7, 1906.

1. NEGLIGENCE: Instructions: Criticisms: Meaning of Reference. *Held*, that a portion of an instruction complained of refers to negligence mentioned in evidence and no jury of ordinary intelligence would interpret it to mean negligence in some foreign and distinct business of defendant, different from that which caused the injury to the plaintiff.

2. ———: ———: Departure: Notice. Criticisms of an instruction relating to negligence that it submitted acts not complained of is held unfounded and that the proper interpretation of the pleading amounts to a charge of negligence in regard to the want of notice of starting the car and as to the manner of starting the same.

3. ———: ———: **Harmless: Reference.** A criticised instruction relating to negligence of defendant is held to be harmless and saved from error by the reference "as above mentioned," which referred to negligence causing the injury.

4. ———: ———: **Admissions.** When a party to a cause makes deliberate admissions of a material fact he is bound thereby, but it is not true that all he may say in the course of his testimony shall be taken as conclusively true.

5. ———: ———: **Verdict.** Instructions are held to have fairly presented the case and the verdict to be without excess.

6. **PERSONAL INJURY: Evidence: Displaying Injury.** Exposing the injured part of the body to the jury while the physician shows how the nerves are located is not error.

Appeal from Grundy Circuit Court.—*Hon. Paris C. Stepp,* Judge.

AFFIRMED.

*M. A. Low* and *Harber & Knight* for appellant.

(1). The plaintiff's first instruction was too broad and covered any negligence arising in the conduct of defendant's business, whether pleaded or not; as an abstract proposition of law it may be correct. Vogel v. West Plains, 73 Mo. App. 593. (2) The instructions in an action for negligence should confine the jury to the negligence alleged in the petition. Dahlstrom v. Railroad, 96 Mo. 99; Abbott v. Railroad, 83 Mo. 272. (3) "This was not a submission of the issue made by the pleading, but was an enlargement thereof and was therefore erroneous." Price v. Railroad, 72 Mo. 416; Waldheir v. Railroad, 71 Mo. 514; Edens v. Railroad, 72 Mo. 212; Bank v. Murdock, 62 Mo. 70; Zimmerman v. Railroad, 71 Mo. 491. (4) The plaintiff's sixth instruction told the jury that "contributory negligence and assumption of risk are affirmative defenses and the burden of proving them is on the defendant." This ignores any proof that may have been shown in the plaintiff's case, for if either was shown from all the evidence, from eith-

118 App—30

er plaintiff's or defendant's, this would be sufficient. This sort of instruction was condemned by this court in Cook v. Railroad, 94 Mo. App. 425. The plaintiff's seventh instruction is vulnerable to the same attack and criticism as was made on similar instruction by this court in Maxey v. Railway, 95 Mo. App. 309; Henry v. Railroad, 113 Mo. 525; Feary v. Railroad, 162 Mo. 99.

*Platt Hubbell* and *George Hubbell* for respondent.

(1) Defendant's insistence, with respect to matters of fact, have been decided against it by the jury, and that decision is conclusive. Weldon v. Railway, 93 Mo. App. 673. (2) In addition to being the rule or custom of the defendant to give this warning or signal, it is the duty of the defendant to do so, even had there been no rule. Wills v. Railway, 44 Mo. App. 51; Miller v. Railway, 109 Mo. 358; Appel v. Co., 97 Mo. App. 436; Moore v. Railway, 85 Mo. 597; 1 Labatt, M. & S., p. 450, note 2; p. 453 note 12; 20 Am. & Eng. Eng. Ency. of Law (2 Ed.), 96, 103; Railroad v. Johnson, 29 N. E. (Ill.) 188; Harris v. Co., 107 Mo. App. 253; Spotts v. Railway, 111 Mo. 380; Gessley v. Railroad, 32 Mo. App. 413. (2) Plaintiffs' first instruction is a sound definition of "negligence." Wencker v. Railway, 169 Mo. 592; McGrew v. Railway, 109 Mo. 589; Dunn v. Henley, 24 Mo. App. 579; Jackson v. Railway, 29 Mo. App. 495; State v. Brown, 188 Mo. 466. (3) Plaintiff's first and second instructions are correct proposition of law, and correctly apply the law to the facts of this case. Miller v. Railway, 109 Mo. 350; Appel v. Co., 97 Mo. App. 436; Moore v. Railway, 85 Mo. 597; 1 Labatt, M. & S., p. 450, note 2; p. 453 note 12; 20 Am. & Eng. Ency. of Law (2 Ed.), 96, 103. (4) The substance of plaintiff's fourth instruction is, that the servant never assumes the risk of the master's negligence. Shore v. Bridge Co., 111 Mo. App. 290; Stafford v. Adams, 88 No., 17 S. W. 1130, 1132; 113 Mo. App. 717; Cole v. Transit Co., 183 Mo. 94.

(5) Plaintiff's sixth instruction was copied literally from the abstract of record in Buckalew v. Railroad, and has been approved by this court. Buckalew v. Railroad, 107 Mo. App. 575; Groom v. Kavanaugh, 97 Mo. App. 367, 371; Wheeler v. Bowles, 163 Mo. 408, 410; Schlereth v. Railroad, 96 Mo. 514; 20 Am. and Eng. Ency. of Law (2 Ed.), 133; Sherwood v. Railroad, 132 Mo. 339; Brown v. Transit Co., 108 Mo. App. 315; Ashby v. Gravel Road Co., 111 Mo. App. 79, 85; Brown v. Transit Co., 108 Mo. App. 310, 315; Browning v. Railroad, 124 Mo. 55, 71; Wheeler v. Bowles, 163 Mo. 409; Haymaker v. Adams, 61 Mo. App. 585; Matthews v. Railroad, 142 Mo. 666; Smith v. Fordyce, 88 S. W. 688; Carpenter v. Hamilton, 185 Mo. 617; Wood v. Kelley, 82 Mo. App. 598; Parman v. Kansas City, 105 Mo. App. 691; Longan v. Weltmer, 180 Mo. 322, 335; Rose v. Mc-Cook, 70 Mo. App. 183, 187. (6) Plaintiff's seventh instruction will be read in connection with defendant's sixth and eighth instructions. App. Abst. 255, 256; Lore v. Mfg. Co., 160 Mo. 627; Newcomb v. Railroad, 169 Mo. 423; Kube v. Transit Co., 103 Mo. App. 592; 1 Words and Phrases, 64.

ELLISON, J.—The plaintiff instituted this action to recover damages for personal injuries charged to have been received by reason of defendant's negligence. He recovered judgment in the trial court.

The plaintiff was an employee of defendant and was engaged with a number of others on a train loaded with cinders with which defendant was repairing its track. The charge in the petition is that the train had stopped and that some of plaintiff's fellow laborers had commenced to unload and while plaintiff himself was standing on one of the flat cars, the defendant, without giving any warning, notice or signal, suddenly and violently and negligently moved said work train forward with a quick jerk, thereby throwing plaintiff down, his back striking on an iron coupling, some of his fellow laborers

falling on him, whereby he was seriously injured. The evidence in plaintiff's behalf tended to show that shovels and tools were upon one of the flat cars in the train and that plaintiff stepped from one car onto this flat car and was in the act of stooping to pick up his shovel when the train without warning or signal was started with a sudden and violent movement, throwing him down with others on top of him, as charged.

Plaintiff's first instruction is general. It declares it to be the duty of defendant to establish and enforce reasonable rules and regulations for the conducting of its business and to give its servants notice, signal or warning of any unusual temporary peril or danger brought about by the master in conducting his business. The second instruction properly submits the negligent acts of defendant according to plaintiff's theory as made by his pleading and evidence. Then, about two inches below (on the paper upon which the original instructions were written) there is a continuation of this second instruction, or else it is an independent unnumbered instruction, which, after reciting some general propositions, reads; that "if you believe from the evidence that the defendant was negligent as defined in the preceding instruction," etc. The defendant contends that this addition, to which we have referred, is a continuation and a part of the second instruction and that the words "negligent as defined in the preceding instruction," therefore necessarily refer to the first instruction which was so general (as is contended) as to refer the jury to negligence in any department of defendant's vast business, and therefore manifestly erroneous. On the other hand, the plaintiff contends that the portion in dispute is a separate instruction from the second and should have been marked as the third, and that therefore those words refer to the negligence mentioned in the second instruction. We do not care to undertake to say which view is correct as to the order of the instructions, or as to how they were actually intended by trial court or counsel.

Houston v. Railroad.

We think that there is no reasonable ground to say that the jury misunderstood them. The first instruction, so far as its actual language is concerned, should not have used the unlimited words as to rules for "its business" in the connection stated. But the only rules or regulations connected with this case related to the matter of management, conduct and operation of the work train upon which defendant was engaged. And when the instruction, whether a part of the second, or as an independent direction, referred to negligence no jury of ordinary intelligence would interpret it to mean negligence in some foreign and totally distinct business from that which caused plaintiff's injury. So we regard the objection as hypercritical.

It is urged in support of defendant's objection to the judgment that the plaintiff's fourth instruction submitted acts of negligence not charged in the petition. We have already set out the language used in alleging negligence. That part of the instruction complained of reads: ". . . If you believe from the evidence that the plaintiff was injured by reason of any negligent failure of the defendant to give notice, signal or warning, or by reason of any negligent jerk of the train of unusual violence, then, the plaintiff cannot be said to have assumed the risk of such negligence." We do not regard the criticism as well founded. The allegation means and, by transposing some of the words therein, it will clearly appear to mean that negligence was charged both as to failure to give notice of the movement and of the movement itself. It means this: That while the plaintiff was standing on a flat car the defendant negligently, without giving any warning, notice or signal, suddenly and violently moved said work train forward, with a quick jerk, etc. That amounts to a charge of negligence as to want of notice and also as to manner of starting the car.

The seventh instruction has brought about a discus-

sion as to whether the ruling on the question of accident made in the case of Maxey v. Railroad, 95 Mo. App. 309, was applicable to the instruction in this case. It is perhaps true that the instruction given in this case did the plaintiff no good and the defendant no harm, and therefore it would have been well if it had been omitted. Taking the case as we find it, we believe the words negligence of defendant "as above mentioned," saves the instruction from the force of defendant's criticism. The negligence of defendant, *as above mentioned,* refers to instructions which characterized the injury to plaintiff as happening by defendant's negligence, *without any negligence on plaintiff's part.*

We likewise rule the objections to plaintiff's instruction numbered 8 as not well made. The instruction relates to statements made by the plaintiff against his own interests and whether they should be taken to be absolutely true. If a party to a cause makes a deliberate admission against himself of a material fact in issue in the cause, he is, of course, bound by it. But it is not the law that all he may say in the course of his testimony which might be against his interest in the result, shall be taken to be conclusively true. We so ruled in the case of Ephland v. Railroad, 57 Mo. App. 162. And it was afterwards approved in same case by the Supreme Court, 137 Mo. 198. To the same effect is Thorpe v. Railroad, 89 Mo. 657. The rulings to this effect are numerous. The last to which our attention has been called is an opinion by Judge Fox in Sheperd v. Transit Co., 189 Mo. 362. And so we have recently ruled. [Bond v. Railroad, 110 Mo. App. 135.]

We do not discover any valid objection to plaintiff's instruction numbered 6, or others given. What we have written will partly answer complaint as to refusal of defendant's instructions. Taken together, the instructions for either presented the case fully and we think fairly. Nor do we think the resulting verdict was

excessive under the case made by the plaintiff which, since the verdict is in his favor, we must accept as the true condition.

During the trial the court permitted the plaintiff to remove his clothing from the part of his body said to be affected by the injury while the physician stated where the nerve or the nerves were located and the course of their location. We do not discover any error in so doing, or any harm which could result to defendant therefrom. [Rice v. Railroad, 101 Mo. App. 464. See also Orscheln v. Scott, 90 Mo. App. 366.]

A full examination of all points of objections satisfies us that we ought not to interfere and the judgment is accordingly affirmed. All concur.