SCHOOL and another, Plaintiffs, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY and another, Defendants and Appellants: ANDERSON and another, Defendants and Respondents.

*March 13—April 9, 1940.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

For the respondents there was a brief by *Bradford, Bradford & Derber* of Appleton, and oral argument by *A. S. Bradford.*

WICKHEM, J. Appellants concede that the verdict of the jury is sustained as to Wilpolt but assert there is evidence to sustain the finding that Anderson was guilty of negligence and that they are entitled to a judgment for contribution against Anderson and his insurer. This requires a review of the facts.

The accident happened at about 11:30 p. m. on December 25, 1938, on old highway No. 41 on Main street in the village of Little Chute. The highway is of concrete with a black center line. The surface was somewhat icy and there was a light snow falling. Wilpolt was traveling east from Appleton to Kaukauna on this highway and Anderson was traveling west on the same highway, from Kaukauna to Appleton. Plaintiffs were guests in Anderson's car. The cars approached each other at about the rate of fifteen to twenty miles per hour. Anderson claims to have seen the Wilpolt car when it was from two hundred to three hundred feet away, the view past that point being cut off by the grade. Another witness estimated this distance to be one hundred feet. At this time the Wilpolt car was proceeding on the north or wrong side of the highway. When the cars were from sixty to seventy feet apart, according to Anderson, and ten to twenty feet apart, according to Wilpolt, Anderson turned his car to the left and the collision occurred,—the contact between the right fender of each car.

This appeal is governed by *Schwab v. Martin,* 228 Wis. 45, 279 N. W. 699. Anderson was proceeding at a proper and lawful rate of speed on his own side of the highway. He was maintaining a proper lookout and saw the Wilpolt car as soon as it came into view. At that time Wilpolt was driving wholly on the north or wrong side of the highway, but he was from one hundred to three hundred feet away and had plenty of time to return to his proper lane of travel. Anderson slowed down and ultimately turned to his left when it became apparent that the Wilpolt car was going to maintain its improper course. Anderson's determination to

make this move was an exercise of judgment. He had three choices of action. He could attempt to stop his car but this involved the perils of skidding upon an icy road, and the likelihood if this did not occur that his car would be brought to a standstill only to be struck head on if Wilpolt persisted in his course. He could turn to the right and take a chance that the shoulder was wide enough and safe enough for the purposes of this maneuver. He could, as he did, turn to the left, subject to the risk that Wilpolt would return to his proper side of the highway. It is not certain even now that either of the rejected courses of action would have avoided injury to Anderson's guests. Had he taken one of them and had an accident occurred, as good an argument for his negligence could be put forward as is here asserted. It is difficult to see how a finding of negligence can stand even assuming that in the emergency created by Wilpolt's negligent conduct he failed to take the best or safest course of action. It is not necessary, however, to pass upon this question. Plaintiffs were guests of Anderson and as a matter of law assumed the risk as to his skill and judgment. We see no possibility of holding that Anderson did not conscientiously exercise such skill and judgment as he had. This being true, there was no violation of his duties as a host even if it were to be held that his judgment was so faulty as not to measure up to the standard of ordinary care.

It is contended by appellants that the issue of assumption of risk is not in the case, but in this they are mistaken. There is an allegation in the answer that plaintiffs assumed the risk and a request for the submission of a question upon this point. There was no occasion to submit the question because there is no issue of fact with respect to it. The evidence will not sustain a finding that there was any violation by Anderson of his duties as host.

The trial court properly ordered judgment dismissing plaintiffs' complaint as to Anderson and his insurer.

*By the Court.*—Judgment affirmed.