WALTER and another, Appellants, vs. SHEMON and others, Respondents.

*September 8—October 5, 1954.*

For the appellants there were briefs by *Frank L. Morrow* of Eau Claire, attorney, and *Doar & Knowles* of New Richmond of counsel, and oral argument by *John Doar* and by *James E. Garvey* of Eau Claire.

For the respondents Richard J. Shemon and Casualty Underwriters, Inc., there was a brief by *Gwin & Petersen* of Hudson, and oral argument by *Wendell A. Petersen.*

For the respondent Edgar B. Walter there was a brief by *Harold E. Stafford* of Chippewa Falls, and *E. Harold Hall* of Eau Claire.

For the respondent American Automobile Insurance Company there was a brief by *James C. Herrick* of Madison, and

*Ramsdell, King & Carroll* of Eau Claire, and oral argument by *Mr. Herrick.*

STEINLE, J.   Only one question is presented upon this appeal: Did the court err in refusing to include in the verdict questions inquiring whether the respective drivers were guilty of negligence with respect to management and control?

We are of the opinion that the request was properly refused so far as the defendant Shemon is concerned. The testimony compels the deduction that the two cars were about 96 feet apart when the Walter automobile abruptly turned into the Shemon lane of travel. Consequently, there was an interval of about three quarters of a second to one second during which time Shemon could act. Certainly, an emergency existed. There was not sufficient time for Shemon to have acted so as to have avoided the collision. Because of the retrograde amnesia there is a presumption that he acted with due care unless, of course, there is credible evidence to overcome the presumption. We find no such evidence in the record.

We believe, however, that the question should have been submitted with respect to Walter. He saw the deer when he was no less than 200 feet from it. He could have stopped his automobile at a distance of 134.7 feet from the deer. He did not apply his brakes forcefully enough to stop his car. He argues that he used his best judgment when he decided that he should not apply his brakes too abruptly, and that he acted as he did so as to avoid going into the ditch and thereby causing injury to himself and his guests.

It is a rule that the host owes to the guest the duty not to increase the danger which the guest assumes when he enters the car and not to create a new danger. It is also the rule that the guest must accept the honest and conscientious exercise by the host of such skill as he has as to control

of the automobile. These rules do not, however, relieve the host from exercising what ordinary care requires under the circumstances for the safety of his guest. *Pierner v. Mann* (1946), 249 Wis. 469, 25 N. W. (2d) 83. We consider that upon the evidence the jury would have a right to believe that Walter was negligent in failing to stop his automobile in time to avoid a collision with the deer; that the collision occurred not because Walter did .not have sufficient experience to enable him to cope with the situation which confronted him, but because he failed to exercise the skill and judgment which he had; and that the jury might infer that a person of Walter's experience and skill would have brought his car to a stop before reaching the point at which the deer stood. *Ebben v. Farmers Mut. Automobile Ins. Co.* (1949), 254 Wis. 249, 36 N. W. (2d) 75. On the other hand, the jury might also have found that Walter acted in the exercise of his best judgment and thereby found him not guilty of negligence as to control. It was for the jury, however, to decide the issue and the court erred in refusing to submit that issue to the jury. *Garrity v. Davis* (1949), 255 Wis. 1, 37 N. W. (2d) 844; *Hutzler v. McDonnell* (1942), 239 Wis. 568, 2 N. W. (2d) 207; *Harter v. Dickman* (1932), 209 Wis. 283, 245 N. W. 157.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial as to the defendant Walter and his insurance carrier.

MARTIN, J. (*dissenting*). In my opinion the question presented as to Walter was not whether he was guilty of negligent management and control, but whether there was evidence from which the jury could infer that he increased the danger assumed by the plaintiffs or created a new danger in that respect.

Walter was the plaintiffs' host. In that relationship he owed them no greater duty than the conscientious exercise

of his skill and judgment in managing the car. His testimony is that immediately upon seeing the deer he applied his brakes, not too hard, because they were power brakes and he didn't want to tip over, and "it went through my mind to stay off to the right, near the shoulder—didn't want to get off too far—didn't want to go into the ditch—and try to avoid anything that we could." Nowhere can it be inferred from the evidence that Walter was attempting to stop his car. We can say now that he should have stopped, but he did not know then that the deer would remain where it was on the highway.

The evidence clearly shows that Walter conscientiously exercised what skill and judgment he had in controlling his car. It also shows that he had very little time in which to consider what course of action to follow and having adopted the course that he did, there was no time for a second guess. Whether what he did was the right thing to do to avoid an accident depended upon matters outside his control, to wit, the possible action of the deer. To allow the jury to pass on whether the exercise of his judgment constituted negligence because he did not stop would be to permit the jury to reason backwards and substitute its judgment for his. This would be tantamount to requiring of a driver the same duty to a guest as that which he owes to other users of the highway.

In *School v. Milwaukee Automobile Ins. Co.* (1940), 234 Wis. 332, 335, 291 N. W. 311, this court, speaking through Mr. Justice WICKHEM, held:

"Plaintiffs were guests of Anderson and as a matter of law assumed the risk as to his skill and judgment. We see no possibility of holding that Anderson did not conscientiously exercise such skill and judgment as he had. This being true, there was no violation of his duties as a host *even if it were to be held that his judgment was so faulty as not to measure up to the standard of ordinary care.*" (Emphasis supplied.)

Likewise, in *Schwab v. Martin* (1938), 228 Wis. 45, 52, 279 N. W. 699, in another opinion written by Mr. Justice WICKHEM, it was held:

"The guest clearly assumes the risk of negligent failures on the part of his host in the field of skill and judgment and may not predicate his recovery upon them."