UNITED STATES of America,
Appellant,

v.

Walter R. REICHEL and National Automobile and Casualty Insurance Company, Appellees.

No. 14068.

United States Court of Appeals,
Ninth Circuit.

March 18, 1955.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Amos L. Bechtold, Livingston, Leeker & Feldman, Leo E. Borregard, San Francisco, Cal., for appellees.

Before HEALY and BONE, Circuit Judges, and MURRAY, District Judge.

MURRAY, District Judge.

Appellee, Walter R. Reichel, brought suit against the United States under the Federal Tort Claims Act, Title 28 U.S. C.A. §§ 1346(b), 2671 et seq., for personal injuries received when struck by a Navy pickup truck in an accident at the San Francisco Naval Shipyard on November 16, 1950. Upon motion made for that purpose, the appellee, National Automobile and Casualty Insurance Company, which company was subrogated to Walter R. Reichel's rights in said suit to the extent of $2930.25 for medical expenses paid and $348.86 for compensation payments, was joined as an additional plaintiff. Trial was had to the District Court, sitting without a jury, findings of fact and conclusions of law made by the District Court, and judgment was ordered for Walter R. Reichel and against the United States in the sum of $5592.14 and for National Automobile and Casualty Insurance Company and

against the United States in the sum of $3,273.11.

The United States appeals. In its brief, the appellant grounded its appeal on two specified errors, first, that the trial Court erred in finding that appellee Reichel was not guilty of contributory negligence; and second, that there was no proof of negligence on the part of the United States or any of its employees. Upon oral argument, the Government abandoned its second specification of error, and the only question left is whether the trial Court erred in finding Reichel was not guilty of contributory negligence, not only as a matter of fact but as a matter of law.

The accident giving rise to the lawsuit occurred on a street in the San Francisco Naval Shipyard known as Cochran Street. Cochran Street runs north and south through the shipyard, and on the West side of the street approximately opposite where the accident occurred was a building being constructed known as the Navy Radiological building. The appellee, Walter R. Reichel, was employed by a contractor who had a contract in connection with the construction of the Navy Radiological building, and was performing work for his contractor employer on the 16th of November, 1950, the day of the accident. Across Cochran Street from the Navy Radiological building was another building of the Naval Shipyard known as Building 411. There were no toilet facilities in the Radiological building and people working in that building used the toilet facilities in Building 411.

The accident occurred at about 10:30 A.M. on November 16, 1950, when Mr. Reichel attempted to cross Cochran Street from the Radiological building toward Building 411. At the time of the accident, it was raining quite heavily and witnesses describe the day as cloudy.

The evidence indicates that as Mr. Reichel headed from the Radiological building westward toward Building 411 across Cochran Street he was running. At about the time Mr. Reichel had almost reached the center line of Cochran Street a Navy pickup truck, traveling southward on Cochran Street, struck Mr. Reichel, with resultant injury to Mr. Reichel.

At the time of the trial, there was only one witness who had seen the accident who was in a position to testify. As a result of his injuries, Mr. Reichel had no memory of anything that occurred from a day or two before the accident until several months later when he partially regained his memory in the hospital. In the Navy truck, which was involved in the collision with Mr. Reichel, at the time of the collision were two persons, the driver, Mr. Carroll, and a passenger, George Cuka. At the time of trial both Mr. Carroll and Mr. Cuka were deceased. However, the deposition of Mr. Cuka had been taken and was presented in evidence at the trial.

The one witness to the accident, who testified at the trial, Elroy B. Williams, said that he was parked in a Navy truck, of which he was the driver, facing south on Cochran Street near Building 411 at a point 60 or 70 feet north of the point of impact between the Navy truck involved in the accident and Mr. Reichel. Mr. Williams testified that at about the time the Navy truck involved in the collision passed him heading south on Cochran Street, that he observed the appellee, Mr. Reichel, running across Cochran Street. Williams further testified that as the Navy truck involved in the collision passed the Navy truck in which Mr. Williams was parked, the former was astraddle the center line and continued astraddle the center line until the point of collision and it could be found from the evidence that Reichel was struck by the truck while it was at least partially on the left or wrong side of the street. The evidence also indicates that after the impact, Mr. Reichel was found lying in the street approximately four feet east of the center line of Cochran Street.

■ The Federal Tort Claims Act adopts the law of the State in which the tort sued upon occurs as the law under which the action is to be decided, Title 28 U.S.C.A. §§ 1346(b), 2671. The evi-

dence indicates that California traffic regulations had been adopted as the traffic regulations for the San Francisco Naval Shipyard where the accident occurred. Therefore, California law controls this case in all aspects.

This case is on all fours both as regards the law and the facts with the case of Hoppe v. Bradshaw, 42 Cal.App.2d 334, 108 P.2d 947, which we regard as controlling here. Indeed, so alike are the two cases that an extended discussion of this case is made unnecessary by the opinion in the Hoppe case supra, for every contention made by appellant here is discussed and answered in that case.

Inasmuch as the appellee Reichel suffered loss of memory as a result of his injuries and could not testify to any of the circumstances leading up to his injury, he is entitled to the presumption that he exercised due care for his own safety. Hoppe v. Bradshaw, supra.

The government recognizes this presumption, but contends that the evidence of contributory negligence completely outweighed the presumption and caused it to pass out of the case and required the Judge, as a matter of law, to hold the appellee guilty of contributory negligence. It contends, and it is uncontradicted in the evidence, that there was neither a marked nor an unmarked crosswalk across Cochran Street at the place where Mr. Reichel endeavored to cross, and that that fact, coupled with the testimony that he was "running", "hunched over" and with his head covered, compelled the holding as a matter of law that he was guilty of contributory negligence.

With this position we cannot agree. While there was evidence that Mr. Reichel was running as he crossed the street, and was hunched over and that he was holding his coat over his head, still there is nothing in any of the evidence that compelled the Court to find that he had not looked before crossing the street, or was not looking as he crossed. The mere fact that appellee attempted to cross the street at a point

other than a marked or unmarked crosswalk is in itself not alone sufficient to compel the Court to find him guilty of contributory negligence as a matter of law. Hoppe v. Bradshaw, supra.

The trial Court saw and heard the witnesses and was in a much better position to determine the facts than is this Court from the cold record.

The trial Court found that Reichel was not guilty of contributory negligence, either as a matter of law or as a matter of fact, and as the finding of the Court is not clearly erroneous and on authority of the Hoppe case, supra, the judgment is affirmed.