390 P.2d 121

Loene NELSON, Plaintiff, Appellant and Respondent on Cross Appeal,

v.

Earl LeRoy HUTCHINGS, Defendant, Respondent, and Cross-Appellant.

No. 9929.

Supreme Court of Utah.

March 16, 1964.

Lawrence L. Summerhays, Salt Lake City, for plaintiff and appellant.

Kipp & Charlier, D. Gary Christian, Salt Lake City, for defendant and respondent.

CALLISTER, Justice:

Personal injury action wherein plaintiff, having received a favorable jury verdict, appeals from an order of the lower court granting defendant's motion for a judgment notwithstanding the verdict. She seeks to have the jury verdict reinstated. Defendant, on the other hand, cross appeals contending that the trial court erred in refusing to give the jury a requested instruction to the effect that plaintiff was guilty of contributory negligence as a matter of law. He asks that the decision of the lower court be affirmed, or, in the alternative, if this court should remand the case for a new trial that the lower court be ordered to give the requested instruction.

The lower court granted defendant's motion for a judgment notwithstanding the verdict because it was of the opinion that the plaintiff, Mrs. Nelson, was contributorily negligent. The facts, considered most favorably to the jury's verdict, disclose that Mrs. Nelson was walking south on Second East Street in Salt Lake City at about 7:20 p. m. on the evening of June 28, 1962. It was light at the time, the weather clear, and the roads dry. As she reached the intersection at Sixth South Street at the northwest corner thereof she noticed that the semaphore light was in her favor—it was red for east-west traffic. However, not knowing how long the light would be in her favor, she waited until the semaphore made another cycle when again it was in her favor. She then proceeded to cross Sixth South Street within the painted cross-walk. Before so doing, she looked in all directions to ascertain if any traffic was approaching. There was nothing to the east, west or north. However, she did observe an automobile (driven by defendant) stopped at the intersection facing north on Second East Street. According to Mrs. Nelson, she observed this automobile start to proceed north. However, the defendant made a left turn, and his car struck the plaintiff after she had traveled approximately 39½ feet across Sixth South Street. Both streets are level and approximately 90 feet in width. The visibility was good except for the fact that the sun was low in the sky producing a glare to a person facing west (which defendant was).

Mr. Hutchings, the defendant, testified that he had, in obedience to the traffic light,

brought his automobile to a stop as he reached Sixth South Street from the south. Once the semaphore signal changed in his favor he proceeded to make a left turn into the intersection. While doing so, he attempted to adjust the sun visor on his car to eliminate the glare caused by the low sun in the west. He did not see the plaintiff until his wife cried "Stop," at which time it was too late to avoid hitting plaintiff. It was also his testimony that he had activated the left turn signal device of his car prior to making the left turn. Plaintiff testified that she had not seen the signal.

The trial judge, in granting defendant's motion for a judgment notwithstanding the verdict, was of the opinion that plaintiff was negligent, and that such negligence contributed to the accident. In a memorandum decision he stated that, " * * * at almost anytime during the last ten feet of her progress plaintiff could have stopped and avoided the accident. During all of that time * * * notice was available to her that the car was not going to stop. To every 'reasonable man,' plaintiff's failure to look and failure to stop became an effective or a proximate cause of the accident * *."

The lower court placed considerable reliance upon Mingus v. Olsson [1] in making its ruling. However, Mingus is distinguishable from the instant case. In Mingus the deceased attempted to cross a busy street without first observing the oncoming vehicular traffic. Furthermore, although he was in a crosswalk, the deceased was not guarded by a traffic light. This court held that, under the circumstances, the deceased was negligent as a matter of law in failing to observe the traffic, even though he had the right of way. In the instant case the plaintiff did look in all directions to ascertain if any traffic hazards were present.

The trial court was impressed by the fact that the plaintiff's attention, just a second or two before the impact, had been diverted to her purse which she thought had been opened when it hit her leg. However, this momentary distraction, if it did occur, was a matter to be considered by the jury in its determination of plaintiff's possible negligence. In the instant case, plaintiff proceeded into the street with the semaphore in her favor after having looked in all directions. There was nothing about the position of defendant's car to alert her as to any immediate hazard. We held in Coombs v. Perry [2] that a pedestrian has a duty to watch for approaching traffic, but that after doing so, whether ordinary care requires him to continue looking in the same direction, or to look again, depends upon the circumstances, and the question of his contributory negligence is one of fact for the jury to determine. Here, the question of plaintiff's negligence was not a question

1. Mingus v. Olsson, 114 Utah 505, 201 P. 2d 495.

2. Coombs v. Perry, 2 Utah 2d 381, 275 P. 2d 680.

of law but one of fact to be resolved by the jury. It was submitted to the jury who resolved the issue in favor of the plaintiff. The verdict of the jury should be reinstated.

Reversed. Costs to plaintiff.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.