425 P.2d 778

Margaret McALLISTER, Plaintiff and Appellant,

v.

Lamar BYBEE, Carvel Mattsson, Administrator of the Estate of O'Dell Watson, Deceased, California Pacific Utilities Company, a corporation, and Kanab City, Utah, a municipal corporation, Defendants and Respondents.

No. 10726.

Supreme Court of Utah.

March 31, 1967.

Crockett, C. J., dissented in part.

Patrick H. Fenton, Cedar City, for appellant.

Hanson & Baldwin, Skeen, Worsley, Snow & Christensen, Salt Lake City, Olsen & Chamberlain, Richfield, for respondents.

HENRIOD, Justice:

Appeal from the dismissal of plaintiff's cause of action in a jury case. Affirmed, with no costs awarded.

The plaintiff alighted from her car alongside the curb of a Kanab City, Utah, street, and was injured when she fell over something in the unpaved, weedy area between the curb and the sidewalk. With unusual candor, months later, she said she did not know what caused her to stumble and fall. Finally, however, she attributed the accident to a cement anchor used many years before to hold up a pole supporting a canopy in connection with a service station, which, with the pole, had been removed many years before. Mrs. McAllister had known of the cement anchor which was about six or eight inches above the ground level, and had seen it there for many years.

Viewing the facts in a light most favorable to anybody, we feel that plaintiff did not establish a factually possible compensable case that could be given to a jury except by way of conjecture and speculation. Even had there been no speculation as to whether she tripped over the cement obstruction, she had known of its existence for many years, that it was in plain sight on a clear day,— and there to see if anyone but looked.

This court consistently has said that under such circumstances there would be a defense on the ground of contributory negligence. One of our last pronouncements in that respect is found in Whitman v. W. T. Grant Co,[1] which pretty well is dispositive of this case when it says:

> The plaintiff is confronted with the basic proposition that when there is a hazard which is plainly visible, ordinarily one is charged with the duty of seeing and avoiding it. And if he fails to do so, it is concluded that he was negligent either in failing to look, or in failing to heed what he saw.[2]

1. 16 Utah 2d 81, 395 P.2d 918 (1964).

2. See also: Eisner v. Salt Lake City, 120 Utah 675, 238 P.2d 416 (1951) and cases cited therein; Johnson v. Syme, 6 Utah 2d 319, 313 P.2d 468; Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680 (1954); Smith v. Bennett, 1 Utah 2d 224, 265 P.2d 401 (1953); Cox v. Thompson, 123 Utah 81, 254 P.2d 1047 (1953); Mingus v. Olsson, 114 Utah 505, 201 P.2d 495 (1949).

**42**

It is unnecessary, therefore, to discuss any possible liability of Kanab City, the owners of the frontage property, or their lessees, on any theory of negligence or the question of assumption of risk.

CALLISTER, TUCKETT and EL-LETT, JJ., concur.

CROCKETT, Chief Justice (concurring in part and dissenting in part).

I concur in affirming the judgment. But because I see the key problem in this case from a somewhat different perspective than is shown in the main opinion, I make these observations.

According to the pleadings and the statements of their contentions by respective counsel, a primary issue in dispute is this: plaintiff contends that she fell over the cement block near the curb, whereas, defendant asserts that she did not fall over anything, but simply collapsed and fell to the ground. Insofar as I can make out from the record and her argument on appeal plaintiff relies upon her statement in the claim she filed with Kanab City seventeen days after the accident. In her brief it is argued that inasmuch as this claim "was offered in evidence as an exhibit * * * [and] * * * was admitted" there is a basis in the evidence for finding that she fell over the block. That the claim was properly admitted in evidence to show that the claim had been filed I do not doubt. But it normally would not be considered as constituting substantive evidence of the facts recited therein. However, for our purpose let it be assumed to be what the plaintiff claims for it: an affirmative statement of the facts recited by her.

It certainly could have no better status than her testimony at the trial. This must be viewed in the light of her whole testimony, and particularly the cross-examination. See discussion in Ewan v. Butters, 16 Utah 2d 272, 399 P.2d 210. In so viewing it there is nothing better than conjecture as to the possibility that plaintiff fell over the cement block. Sparing any detailed recitation thereof, this is shown clearly and candidly in the brief of her counsel who characterizes her testimony thus: "In cross examination, the *plaintiff very definitely stated that she did not know what she fell over*, and has never made any other statement at any time including [her] deposition * * *" (Emphasis mine.)

Nor is there any other evidence from which it could reasonably be deduced that there is a greater likelihood that plaintiff tripped over the block than that she fell from some other cause such as fainting due to high blood pressure, which the evidence shows she had. I appreciate the difficulty and the impracticability in some instances of requiring direct eye-witness proof of facts, and the propriety of allowing for reasonable inferences to be drawn from facts shown, including circumstantial evidence.

Nevertheless findings of fact cannot be made on mere conjecture or possibility, but only if there is some basis in the evidence upon which the fact trier could reasonably believe there is a greater probability of the truth of such fact than otherwise. See Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986.

Inasmuch as the conclusion stated above sufficiently supports the trial court's ruling it perhaps should be unnecessary to comment on the other point mentioned in the main opinion: the rule requiring a person to see and to heed a hazard plain to be seen. But in consideration of the plaintiff's position and the fact that in my opinion there can be seen a reasonable basis in the evidence to obviate the effect of that rule here, I record my views thereon. The rule as quoted from the case of Whitman v. W. T. Grant Co., is sound: that *ordinarily* one is charged with such a duty. But as was explained in that opinion following the quoted language, if there are extenuating circumstances so that a person in the exercise of due care might fail to see or heed the hazard, it may be found that his conduct was not negligent. See Federated Milk Producers Association v. Statewide Plumbing & Heating Company, 11 Utah 2d 295, 358 P.2d 348, in which Justice Wade discussed this principle and referred to a number of situations in which this Court so held. See also Campbell v. Safeway Stores, Inc., 15 Utah 2d 113, 338 P.2d 409; Laird v. T. W. Mather, Inc., 51 Cal. 2d 210, 331 P.2d 617; and Restatement of Torts, 2d, § 289, and comments, particularly comment K.

The evidence so viewed favorable to the plaintiff which persuades me as stated above is this: plaintiff's son's automobile was pulled up close to the curb; she explained that as she got out of the car she sort of backed out, or turned sideways; that as she started to walk she fell over something. The cement block is only about six inches high and was close to the curb so it would not be particularly noticeable to her. Furthermore, it could have been partially or even entirely obscured by the car door as she was getting out, backwards or sideways as the case may be. Coupled with this is the fact that under such circumstances, consistent with the principles set forth in the cases referred to above, due care did not compel her to be looking at her feet all the time, but she had a right to place some reliance on safe footing in a public street. This evidence in my judgment presents a situation upon which reasonable minds might differ as to whether the plaintiff in due care must have seen this cement block, even though it was otherwise in plain sight. It is on the other ground: the failure of proof that it was a cement block which caused her to fall, that I concur in affirming the trial court's ruling.